## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMERE COSTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>CUMBERLAND COUNTY JAIL, *et al.*,<br><br>    Defendants. | Case No. 21–cv–19198–ESK–AMD<br><br><br>OPINION AND ORDER |

    **THIS MATTER** is before the Court on plaintiff Jamere Costin's complaint filed pursuant to 42 U.S.C. §1983 (Complaint) (ECF No. 1). Federal law requires this Court to screen the Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and to dismiss any defendant who is immune from suit. 28 U.S.C. §1915(e)(2)(B). I have reviewed the Complaint and concluded that *sua sponte* dismissal without a response is not warranted.[1]

    Section 1915 permits a court to *sua sponte* "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Court considers the factors set forth in *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993) in making this determination. I find that plaintiff is unable to afford counsel as plaintiff is proceeding *in forma pauperis*. (ECF No. 7.)

    Here, the *Tabron* factors weigh in favor of appointing counsel to represent plaintiff in this action due to the complexity of the case, discovery challenges,

---

[1] The Court's preliminary review under 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by a defendant after service. *See Richardson v. Cascade Skating Rink*, No. 19–08935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] §1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment." (internal quotation marks omitted)).

probable need for expert testimony, and plaintiff's inability to afford counsel on his own.

Accordingly,

**IT IS** on this   **6th** day of **September 2024**   **ORDERED** that:

1. The Complaint shall **PROCEED**.

2. The Clerk of the Court shall select an attorney from the civil *pro bono* panel, 28 U.S.C. §1915.

3. The selected appointed attorney from the civil *pro bono* panel shall enter a notice of appearance within **14 days** of the date of his or her appointment.

4. The selected attorney shall file an Amended Complaint within **30 days** of appointment.

5. The time for service under Federal Rule of Civil Procedure 4 is stayed pending further order of the Court.

6. The Clerk of the Court shall send a copy of this Order to plaintiff by regular mail.

      */s/ Edward S. Kiel*
      **EDWARD S. KIEL**
      **UNITED STATES DISTRICT JUDGE**